## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**CARLOS FOXX**                                                   **PLAINTIFF**

**v.**                                             **No. 4:16CV104-MPM-RP**

**R. PENNINGTON, ET AL.**                               **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Carlos Foxx, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that: (1) his parole was improperly revoked, (2) his convictions are invalid, (3) his release date has been improperly calculated, (4) the defendants have violated the prohibition against double jeopardy, as he has received multiple prison Rule Violation Reports (#01633496 and #01615561) for the same behavior, and (5) the defendants violated his right to due process during disciplinary proceedings as to those Rule Violation Reports in 2015, which led to his placement in segregation for a period of 13 days.

### Claims Challenging Foxx's Convictions and Sentences
### Are Improper in a Suit Filed Under 42 U.S.C. § 1983

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. There is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement, or otherwise demonstrates the invalidity of the conviction or confinement, is not cognizable under § 1983 until such time as the plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372 (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

Mr. Foxx's claims regarding parole revocation, the validity of his convictions, and the calculation of his release date would necessarily draw into question the validity of his convictions or sentences. Therefore, the plaintiff must "demonstrate that his convictions or sentences have already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Mr. Foxx has made no such showing; as such, these allegations will be dismissed for failure to state a claim upon which relief could be granted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### Double Jeopardy Clause Does Not Apply to Prison Disciplinary Proceedings

Mr. Foxx also argues that he was punished twice through the prison disciplinary process in violation of the prohibition of placing someone twice in jeopardy for the same offense. First, as discussed above, to the extent that Mr. Foxx intends this to be a claim for *habeas corpus* relief, such relief is barred in a § 1983 action under the holding of *Heck, supra*. In addition, prison disciplinary

proceedings cannot form the basis for a double jeopardy claim. The Double Jeopardy Clause, contained in the Fifth Amendment to the Constitution, states that no person shall "be subject for the same offense twice to be put in jeopardy of life or limb." U.S. CONST. amend. V. This clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Usery,* 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Prison disciplinary proceedings do not constitute criminal prosecutions. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). Because prison disciplinary proceedings are not criminal prosecutions, they do not implicate the protections found in the Double Jeopardy Clause. *See Turner v. Johnson,* 46 F.Supp.2d 655, 667-68 (S.D.Tex.1999); *see also Fogle v. Pierson,* 435 F.3d 1252, 1261-62 (10th Cir.2006) ("'[I]t is well established that prison disciplinary sanctions' ... 'do not implicate' double jeopardy protections") (quotation omitted); *United States v. Galan,* 82 F.3d 639, 640 (5th Cir.1996) ("prison disciplinary proceedings do not bar future criminal prosecutions" for purposes of the Double Jeopardy Clause) (citations omitted). As prison disciplinary proceedings do not implicate double jeopardy, these allegations fail to state a constitutional claim.

### Due Process in the Prison Context

Mr. Foxx alleges that the defendants did not afford him due process in the handling of two prison Rule Violation Reports. Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless

imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;
(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;
(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was placement in isolation for 13 days. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* As such, the plaintiff's allegations regarding violation of his right to due process arising out of Rule Violation Reports are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, none of the plaintiff's allegations state a claim for relief under 42 U.S.C. § 1983, and the instant case will be dismissed for failure to state a claim upon which relief

could be granted, counting as a "strike" under 28 U.S.C. § 1915(g).  The present dismissal constitutes

Mr. Foxx's third "strike" under the Prison Litigation Reform Act, as he has accumulated two previous

"strikes":  *Foxx v. Taylor*, 3:13CV74-CWR-FKB (S.D. Miss.) (order of August 2, 2013, dismissing

case as frivolous), *Foxx v. Pennington*, 4:16CV102-MPM-DAS (N.D. Miss.) (order of March 30,

2017, dismissing case as frivolous).

Under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As Mr. Foxx has accumulated three "strikes," he may no longer proceed as a pauper in federal court

(including an appeal of the present case) unless he is "under imminent danger of serious physical

injury."  28 U.S.C. § 1915(g).  A final judgment consistent with this memorandum opinion will issue

today.

**SO ORDERED**, this, the 14th day of December, 2017.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**